**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4315**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DANIEL CHARLES CAIN,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (2:07-cr-00299-PMD-1)

———————————

Submitted: September 16, 2008     Decided: September 18, 2008

———————————

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. John Charles Duane, Eric John Klumb, Assistant United States Attorneys, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), Daniel Charles Cain appeals his conviction and the seventy-month sentence he received following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). We have reviewed the record and Cain's contentions and, finding no error, we affirm.

Although Cain's attorney raises a cursory challenge to the sufficiency of the Fed. R. Crim. P. 11 hearing, she concludes the district court complied with the dictates of Rule 11, and that Cain's guilty plea was knowing and voluntary. We agree. The district court fully comported with Rule 11, explaining, among other things, the nature of the charges, the applicable statutory maximum, and the rights Cain relinquished by pleading guilty. Moreover, the district court ensured there was an appropriate factual basis for the plea. Accordingly, we conclude Cain's guilty plea was valid.

Cain next suggests this court should review the reasonableness of his sentence.

As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with

reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. We must then consider whether the district court failed to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances . . . .'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). We afford sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, see id., a presumption permitted by the Supreme Court. Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007).

The district court properly calculated Cain's sentencing range under the Guidelines and invited counsel to make any relevant argument pursuant to the § 3553(a) sentencing factors. After hearing counsel's argument, permitting Cain the opportunity to make a statement, and considering the § 3553(a) factors, the court

3

sentenced Cain to 70 months' imprisonment, at the low end of his properly calculated Guidelines range.  Thus, we conclude Cain's sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entirety of the record and found no meritorious issues.  Accordingly, we affirm the district court's judgment.  We require that counsel inform Cain, in writing, of the right to petition the Supreme Court of the United States for further review.  If Cain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cain.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>